UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STACIE THOMPSON                                                                        PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:10-CV-139-DW

OTIS ELEVATOR COMPANY, et al.                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the motion of Defendant Schindler Elevator Company ("Schindler"), who seeks entry of summary judgment on its behalf pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (DN 58). Plaintiff Stacie Thompson has filed a response in opposition to Schindler's motion (DN 62). The Intervening Plaintiff Zurich American Insurance Company ("Zurich") has filed a separate response that joins in the response filed by Thompson (DN 63). Schindler has filed a reply (DN 65). Accordingly, the matter is now ripe for consideration by the Court.[1]

**The Material Facts.**

The present lawsuit arises from injuries allegedly suffered by Plaintiff Thompson at her place of employment. On Feb. 9, 2009, Thompson alleges that she was injured while riding in an elevator at the Candlewood Suites Hotel in Louisville, Kentucky. According to her, the elevator dropped several feet, without warning, and came to an abrupt halt on the ground floor of the hotel. The same sequence of events occurred the following day on Feb. 10, 2009, in the same elevator. As a result, Thompson claims that she suffered injuries to her back.

---

[1] The Magistrate Judge, by consent of the parties pursuant to 28 U.S.C. § 636(c), sits as the District Court in this matter.

Thompson received workers' compensation benefits paid by Zurich.  On Feb. 2, 2010, almost a year later, Thompson brought suit against Otis Elevator Company ("Otis") in state court.[2]  Otis removed the lawsuit to federal court the following month on March 2, 2010.  Zurich filed its initial intervening complaint in federal court five months later on Aug. 12, 2010.  The following year, on June 13, 2011, more than two years after Thompson's injuries occurred, Zurich filed an amended complaint to add Schindler as an additional defendant to the lawsuit.  Thompson amended her complaint to add Schindler as a defendant on Aug. 15, 2011, approximately two and a half years after the events of early Feb. 2009.

**Arguments of the Parties.**

Schindler maintains that Thompson's personal injury claims against Schindler are time-barred by operation of KRS § 413.140(1)(a), Kentucky's one-year statute of limitations for personal injury actions.  Schindler reasons that under KRS § 413.140(1)(a), Thompson had one year from the date that her cause of action accrued, the latest date of her injury on Feb. 10, 2009, to bring her claims against Schindler.  *See Michals v. Baxter Healthcare Corp*. 289 F.3d 402, 407 (6th Cir. 2002); *Dixon v. Clem*, 404 F. Supp.2d 961, 965 (E.D. Ky. 2005) ("[t]he cause of action accrues on the date of injury to the person even [where] the full extent of the injury is not known for years later") (citing *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972)).

Because Thompson's injuries occurred at the latest on Feb. 10, 2009, Schindler reasons that Thompson and Zurich at most  had one year from that date, or until Feb. 10, 2010, in

---

[2] Thompson and Otis have informally resolved their dispute.  Otis has been dismissed as a party defendant (DN 45, 47, Agreed Order of Dismissal).

2

which to file suit against it. As a result, the Plaintiff's amended complaint and the amended intervening complaint filed by Zurich both fall outside the one-year limitation period of the statute.³ As a result, Schindler asks that the Court grant summary judgment in its favor and dismiss the claims of the Plaintiff and Intervening Plaintiff with prejudice.

Thompson argues in response that she had no means to learn of Schindler's status as manufacturer of the elevator until she conducted discovery in the present suit, which she acknowledges was filed one week prior to the running of the one-year statute of limitations. Thompson points out that the certificate of operation on the subject elevator identified only Otis as maker. The elevator interior itself also identified only Otis. Consequently, Thompson relies upon the relation back doctrine found in Rule 15(c) of the Federal Rules of Civil Procedure.

She concludes that her claims against Schindler will relate back to the date of the original complaint if such claims arise out of the same occurrence set out in the original pleading, and Schindler knew or should have known that the action would have been brought against it initially but for a mistake regarding the identity of the proper party defendant. Thompson insists that this situation is exactly what occurred in her case. As support for this view, she cites *Harralson v. Monger*, 206 S.W.3d 336 (Ky. 2006), wherein the Supreme Court of Kentucky held that a party that conceals its identity is estopped from pleading the statute of limitations. Because Schindler allegedly concealed its own identity by refusing to identify itself

---

³Schindler points out that the one-year limitation period runs from the same date of accrual as to Zurich, as well as Thompson. *See Waters v. Transit Authority of River City*, 799 S.W.2d 56 (Ky. 1990) (action by workers' compensation insurer to recover from third party tort-feasor amounts paid in compensation runs from the date that the injured employee's action accrued against the tort-feasor); *Employers Mutual Liability Ins. Co. v. Brown Wood Preserving Co.*, 182 S.W.2d 30 (Ky. 1944). Zurich acknowledges that the timeliness of its amended intervening complaint depends on the timeliness of Thompson's amended complaint.

anywhere on the subject elevator, Thompson concludes that she had absolutely no means to learn the true identity of the manufacturer in the 12 months that passed prior to the time that she filed suit against Otis.

The situation, in Thompson's view, is similar to what occurred in *Mundy v. Mayfair Diagnostic Lab.*, 831 S.W.2d 912 (Ky. 1992), wherein the identity of a defendant nurse in a medical malpractice case was unknown until the deposition of the defendant doctor was taken. Consequently, *Mundy* held that the defendant doctor's failure to previously disclose the identity of the nurse could be considered concealment, which tolled the running of the statute of limitations. Because Schindler declined to disclose its own identity anywhere on the elevator in question, Thompson asks that this Court similarly hold the one-year statute of limitations to be tolled and that her amended complaint relate back to the date on which her original complaint was filed in state court. Zurich in its response adopts the reasoning offered by Thompson (DN 63).

Schindler in its reply first points out that Thompson cannot appropriately rely upon Rule 15(c) and the doctrine of relation back given her attempt to add a new party, rather than merely to correct the identity of an otherwise inappropriately named party. According to Schindler, Rule 15 by its express language, will only allow claims against new parties to relate back if the amendment is offered to change the identity of the original party. In other words, Rule 15(c) does not apply to the situation where a plaintiff simply hopes to add a new party well after the statute of limitations of KRS § 413.140(1)(a) has expired. This is so, according to Schindler, because the express purpose of the Rule is to protect a plaintiff "in a case of mistaken identity, not failure to identify," which is precisely what has occurred here in Schindler's view.

Schindler cites a number of published decisions from the Sixth Circuit that stand for the proposition that Rule 15(c) exists to permit a party to correct a mistakenly identified defendant, rather than to add or substitute a new party. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991); *Marlowe v. Fischer Body*, 489 F.2d 1057, 1064 (6th Cir. 1973). Because Thompson and Zurich did not seek merely to correct a misidentification of the original defendant Otis, but rather attempted instead to add Schindler as a defendant while maintaining their action against Otis, Schindler concludes that Rule 15(c) offers no safe haven for them.

Additionally, Schindler points out that neither Thompson nor Zurich asserts that Schindler received notice of their lawsuit within the time for serving summons under Rule 4(m) or 120 days after the filing of the complaint as also required under Rule 15(c). Rather, discovery responses by Schindler allegedly confirm that its first notice of the action occurred on June 24, 2011, well beyond the applicable deadline for service of summons on June 2, 2010. Because Schindler did not have timely notice of the action, it concludes that the relation back doctrine rule of 15(c) likewise does not apply for this separate reason. *Schiavonne v. Fortune*, 477 U.S. 21 (1986); *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp.2d 785 (N.D. Ohio 2010); *Nolph v. Scott*, 725 S.W.2d 860 (Ky. 1987).

Schindler maintains that the case of *Reese v. General American Door*, 6 S.W.3d 380 (Ky, App. 1999) is directly on point on this argument. In *Reese*, the plaintiffs brought a product liability suit against the supplier and seller of an overhead garage door. *Id*. at 381. After the limitations period expired, the plaintiffs attempted to amend their complaint to add the manufacturer. *Id*. The manufacturer successfully argued in the trial court that it had not been

sued within the limitation period. The plaintiff s contended on appeal that their amended complaint should relate back against the manufacturer under Kentucky Civil Rule (CR) 15.03, the state equivalent of Rule 15(c).

The Kentucky Court of Appeals rejected their argument. In doing so, the Court of Appeals held that the plaintiffs' awareness of the injury and the cause of action was enough to trigger the limitations clock and impose on the plaintiffs a duty to discover the responsible parties. *Id*. The Court of Appeals acknowledged while the limitations statute might appear to be arbitrary, and to occasionally operate in a harsh fashion, the courts are not authorized to disregard the strict duty imposed by the statute to develop and file plaintiffs' case diligently. *Id*. at 383. In this respect, the court added that while in certain limited circumstances a legal disability or improper conduct by the defendant would operate to suspend the running of the statute of limitations, the mere failure of the plaintiffs to locate or identify a potential defendant does not excuse their untimeliness. *Id*. (citing *Nolph v. Scott*, 725 S.W.2d 860 (Ky. 1987)). That is exactly what has occurred in the present case, so Schindler says - - Thompson simply failed to meet her duty to discover the allegedly responsible parties before the limitation expired, and she cannot now rely on Rule 15(c) to revive her otherwise time-barred claims against Schindler.

Schindler insists that Thompson's present circumstances are not the result of any fraudulent concealment by Schindler. The mere absence of the name Schindler inside the subject elevator is not the equivalent of fraudulent concealment. To successfully raise such a claim, Schindler maintains that Thompson must show that (1) Schindler affirmatively concealed its identity, or failed to disclose material facts, (2) Thompson could not have discovered the identity

of Schindler even had she exercised reasonable care and diligence, (3) Schindler knew that Thompson had been injured and the identity of the responsible party, and (4) Schindler concealed this material information from Thompson by deliberately withholding it, or otherwise misleading Thompson in order to prevent her from learning of Schindler's involvement. *See Pike v. United States*, __F. Supp.2d __, 2012 WL 1222124 at *__ (M.D. Tenn. 2012).

Here, it appears to Schindler that Thompson "assumed" that Otis was the manufacturer of the elevator based solely on the certificate of authorization and a label on the elevator interior. Such an assumption, according to Schindler, does not satisfy the four prerequisites of *Pike*. Schindler denies that any facts available to the parties or the Court suggest that it knew that Thompson had been injured and attempted to conceal its identity. To the contrary, Schindler concludes that Thompson simply made a conscious choice to wait to file her complaint until mere days before the statute of limitations ran on Feb. 10, 2010. She consequently lost an entire year in which to uncover the status of the original manufacturer of the elevator.

The plain language of Rule 15(c) will not allow Thompson to avoid the one-year statute of limitation, Schindler argues, as the Rule is not intended as a vehicle to add new parties; nor do any equitable considerations toll the running of the statute, where Schindler engaged in no fraudulent concealment and Thompson's dilemma rests solely on her own delay.

## LEGAL ANALYSIS

**a. Standard for Summary Judgment**.

Schlinder has filed a motion for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.  Summary judgment will be appropriate only when the evidence, taken in the light most favorable to the nonmoving party, establishes that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating the evidence, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. at 249.  While the mere existence of a scintilla of evidence in support of the non-moving party is insufficient to defeat a motion for summary judgment, the court may deny the motion if the record contains evidence from which a jury could reasonably find for the non-moving party. *Id*. at 252, 106 S.Ct. 2505.

**b.  Relation Back under Rule 15(c).**

The first question the Court must resolve is whether Thompson's amended complaint to add Schindler as a new party to the lawsuit will relate back to the filing of Thompson's original complaint in state court by operation of Fed. R. Civ. P. 15(c).  Under Rule 15(c)(1),

> (1) **When an amendment relates back.**   An amendment to a pleading relates back to the date of an original pleading when:
> ....
> (C) the amendment changes the party or the naming

> of the party against whom a complaint is asserted, if
> Rule 15(c)(1)(B) is satisfied and if, within the
> period provided by Rule 4(m) for serving the
> summons and complaint, the party to be brought in
> by amendment:
>
>> (i) received such notice of the action that it
>> will not be prejudiced in defending on the
>> merits; and
>> (ii) knew or should have known that
>> the action would have been brought
>> against it, but for a mistake
>> concerning the proper party's
>> identity.

Fed. R. Civ. P. 15(c)(1)(C).

Schindler now challenges Thompson's efforts to rely on the above Rule to add it as a new party. Schindler's view on the matter is that while Rule 15(c)(1)(C) may appropriately be used to correct the name of a misnamed party, or to substitute a party for one that has been inappropriately sued, the Rule may *not* be used simply to add a new party to an action after the limitation period has expired. Schindler is correct in its view.

The Sixth Circuit has held repeatedly that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *United States v. Western Casualty & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966). Following the 1966 amendment to the Rule, the Sixth Circuit reaffirmed the holding of *Western Casualty* in *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973) adding that "the 1966 amendment to Fed. R. Civ. P. 15(c) which permits correction of misnomers does not permit the addition or substitution of new parties." *Id*. at 1064. Five years later in *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir. 1978) (citing *Marlowe*), the Sixth Circuit continued its adherence to this view. By 1990, the proposition was so well established that the Sixth Circuit in

*In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1990) held that "the precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Id.* (quoting *Marlowe*, 489 F.2d at 1064).

This limitation on Rule 15(c), first announced in *Western Casualty* and extended through *Marlowe*, *Smart*, and *In re Kent Holland*, has recently found its way to the Eastern District Court of Kentucky in *Meiman v. Kenton County, Ky*, Civil Action No. 10-156-DLB, 2011 WL 721478 at *3 (E.D. Ky. Feb. 22, 2011). In *Meiman,* the district court addressed a plaintiff's argument that its amended complaint naming a new defendant should relate back by operation of Rule 15(c). *Id.* The district court rejected this notion explaining that:

> Defendants cite numerous cases for the proposition that "the precedent of [the Sixth Circuit] clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe*, 489 F.2d at 1064)). The Sixth Circuit recently reaffirmed this rule and extended it to bar the addition of plaintiffs not just defendants, after the applicable statute of limitations has expired.

*Id*. (citing *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)).

Here both the facts and the controlling case law are undisputed. Given the longstanding Sixth Circuit authority that precludes Rule 15(c) from being used to add a new defendant, or a new plaintiff for that matter, we cannot accept Thompson's position that her untimely amended complaint, or the untimely amended intervening complaint of Zurich, can be salvaged by operation of the Rule. Accordingly, we need not address Schindler's knowledge of the proceedings prior to the expiration of the one-year statute of limitations, or the deadline for

service under Rule 4(m) as the relation back argument fails at its inception.  *See gen., Reese v. Gen. Amer. Door Co.*, 6 S.W.3d 380, 383 (Ky. App. 1999) (rejecting a similar argument under the state civil rule equivalent of Rule 15).

c. **Equitable Tolling**.

Under Kentucky law, equitable estoppel may prevent a party from relying on a statute of limitations by virtue of false representation, fraudulent concealment or a failure to make a disclosure required by law.  *See Munday v. Mayfair Diagnostic Laboratory*, 831 S.W.2d 912, 914-15 (Ky. 1992).

In *Munday*, the plaintiff filed a medical negligence action against the diagnostic laboratory that was organized as a partnership doing business under an assumed name.  Contrary to the requirements of Kentucky's assumed name statute, KRS 365.015, the partners had failed to file a certificate of assumed name, which misled the plaintiff to bring suit against the wrong party, a fact the plaintiff did not discover until after the limitations period had expired.  Faced with these facts, the Supreme Court of Kentucky held that the failure of the partners to comply with the statutory requirement under KRS 365.015, a statute specifically enacted to ensure that the public learned the true ownership of the business, constituted concealment under KRS 513.190(2) sufficient to toll the running of the limitations period.  *Munday*, 831 S.W.2d at 915.

> In the words of the Supreme Court of Kentucky:
>
> From the foregoing, it may be concluded that while concealment ordinarily requires an affirmative act, where the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct.

> Returning to the case at bar, we reiterate that the purpose of the assumed name statute is to inform members of the public, including appellants, of the identity of persons doing business under an assumed name. It could not be disputed that for lawful use, including litigation, the statute imposes a duty to provide such information. Thus, appellees' conduct amounted to a violation of the statute designed to provide appellants information which was essential to the commencement of the litigation. We have no doubt that such conduct may be properly regarded as obstruction by indirect means within the purview of KRS 413.190(2).

*Id.*[4]

Here, the record is devoid of any indication that Schindler engaged in any form of misconduct intended to defeat Thompson's efforts to obtain information about the manufacturer of the elevator at issue. According to Schindler, it was not even aware that suit had been filed until well after the statute of limitations had expired. Schindler, therefore, hardly could have sought to obstruct or defeat Thompson's efforts to timely name it as a party defendant if Schindler was completely unaware of the lawsuit during the relevant one-year statutory period. Also, we are not aware of any statutory duty imposed by Kentucky law which would require Schindler to place an identification label, or other information identifying itself as a manufacturer, on the elevator in which Thompson was allegedly injured.

Certainly, Candlewood Suites Hotel, as owner of the elevator, had a duty under KRS § 198B.460 to register the elevator by "giving the type, capacity, description, name of manufacturer, and purpose for which [it] ... is used." KRS § 198B.460. This duty, which runs to non-party Candlewood, simply does not fall on Schindler. Neither Thompson nor Zurich cites

---

[4] Under KRS 413.190(2) when a cause of action accrues against a state resident, and he or she absconds or conceals himself or herself, or by any other indirect means, obstructs the prosecution of the action, the period of absence from the state or period of obstruction shall not be computed as any part of the time period within which the action shall be commenced. *Id.*

any state statute or regulation that Schindler has violated in this respect. Therefore, we do not have before us the situation that occurred in *Munday*.

We also are not faced with the same type of situation that arose in *Harralson v. Monger*, 206 SW.3d 336, 337-39 (Ky. 2006). In *Harralson*, a driver, Jacobs caused a multi-vehicle collision. Jacobs intentionally misled police officers who responded to the accident scene in violation of KRS 189.580, a statute which requires a party to provide complete and truthful information regarding vehicle collisions. *See Harralson*, 206 S.W.3d at 339. Contrary to what actually occurred, Jacobs misinformed police that the chain collision was caused by another driver, Monger. In fact, it was Jacobs who struck Monger's vehicle first, thereby causing the six car pileup.

After a third driver, Harralson, sued Monger for her alleged negligence, Monger sued Jacobs. During his deposition, held after the statute of limitations had expired, Jacobs finally admitted that it was he, not Monger, who had caused the entire accident. Harralson then filed an amended complaint to bring a claim directly against Jacobs. Jacobs moved to dismiss the amended complaint arguing that it was filed beyond the statute of limitations and did not relate back. *Harralson*, 206 S.W.3d at 337. Citing *Underhill v. Stephenson*, 756 S.W.2d 459 (Ky. 1988), Harralson argued that Jacobs' misrepresentation in violation of KRS 189.580 equitably estopped him from relying upon the protection of the statute of limitations.

The Kentucky Supreme Court in *Harralson* agreed, explaining that:

> As previously noted in *Underhill, supra.*, the alleged misrepresentation was not discovered until the physician's deposition was taken. Similarly in *Munday*, *supra.*, this court recognized exceptions to a strict rule of statutory limitations when a party is estopped from relying on the tolling statute by virtue of a misrepresentation or concealment. *Munday* also indicated that

13

> concealment may be demonstrated by an affirmative act or silence when the law imposes a duty to speak.
>
> Considering the same decision and statutes, the Court of Appeals in *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286 (Ky. App. 1998), held "where the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct." Here, KRS 519.040 provides a misdemeanor offense for falsely reporting an accident. There is not doubt that Jacobs did not give a full and complete disclosure of the circumstances of the accident to the investigating officer.
>
> KRS 189.580 requires a party to provide complete and truthful information regarding vehicular collisions.
> ....
> When the facts are viewed in the light most favorable to Harralson, the fact that Jacobs concealed his role in the accident provides a basis for the amended complaint. Consequently, Jacobs should be estopped from relying on the specific statute of limitations in this case because of such misrepresentation relating to the initial collision. The two-year statute of limitation should be tolled until Harralson received notice of the true facts. The amended complaint against Jacobs was filed within two years after discovery of the actual situation.

*Harralson*, 206 S.W.3d at 339.

Jacobs acted in direct violation of state statute in *Harralson* to mislead the affected parties about his true role in causing the accident. We do not have such a situation here. Schindler did not actively mislead anyone, and could not have done so within the statute of limitations, given its unawareness of the lawsuit. Likewise, as previously noted, no statute has been cited that imposed a duty upon Schindler to place its identification information in the elevator. Schindler has not been shown to have violated a statutory or regulatory duty of disclosure so as to constitute concealment under the reasoning of *Munday*.

For all of these reasons, the Court is compelled to conclude that the amended

complaint of Thompson, and the amended intervening complaint of Zurich, both are filed outside the statute of limitations to the extent they seek to join Schindler as a new party defendant. Because no genuine issue of material fact exists in this regard, the Court shall enter a final judgment that dismisses Schindler with prejudice and dismisses all claims against Schindler brought by Thompson and Zurich.

Copies to Counsel of Record